IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 13 2006
NOV 13 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| PAUL HERRON, <br> Plaintiffs, <br> v. <br> OFFICERS COREY FLAGG STAR # 9386, <br> W. MULLEN STAR # 12673, <br> AND T. SHANNON STAR # 16066, <br> and THE CITY OF CHICAGO <br> Defendants. | ) 06CV6197 <br> ) JUDGE MANNING <br> ) MAGISTRATE JUDGE MASON <br> ) <br> ) Jury Demand <br> ) |

## COMPLAINT

## COUNT I - ILLEGAL SEARCH

## JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's

constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

6. Defendants, Flagg, Mullen, and Shannon, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Flagg, Mullen, and Shannon.

## THE FOURTH AMENDMENT VIOLATION

8. On December 1, 2004, Plaintiff was at or near 7116 S. Union, Chicago, IL, his residence.

9. The Defendants did not have a search warrant for the Plaintiff.

10. The Defendants did not have an arrest warrant for the Plaintiff on December 1, 2004.

11. The Defendants did not witness the Plaintiff breaking any city, county, state, and/or federal law at 7116 S. Union, Chicago, IL.

12. The Defendants did not have consent to search the Plaintiff or his residence on December 1, 2004.

13. On December 1, 2004, the Defendants illegally entered the Plaintiff's residence and searched the Plaintiff and his entire residence.

14. The Defendants proceeded to verbally threaten and curse at the Plaintiff.

15. The Defendant officers detained the Plaintiff in violation of Plaintiffs' rights under the Fourth Amendment.

16. As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - FALSE ARREST

1. The Defendants, Flagg, Mullen, and Shannon, wrote false and misleading police reports alleging that the Plaintiff possessed narcotics and a weapon on December 1, 2004.

2. Ultimately all criminal charges that Plaintiff faced as a result of the illegal activity by the named Defendants were dismissed on the motion of the Cook County States Attorneys Office (05 CR 727).

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT III - STATUTORY INDEMNIFICATION

1-21. Plaintiff re-alleges paragraphs 1-21 of Counts I, II, and III as paragraphs 1-

21 of Count IV.

22. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

23. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully Submitted,

*Thomas Peters*

THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022